NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000550
17-JUN-2014
07:56 AM**

NO. CAAP-14-0000550

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBIN M. LEE, Appellant, v.
STATE OF HAWAIʻI and JUDGE EDWIN C. NACINO, Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-000256)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal that Plaintiff-Appellant Robin M. Lee (Appellant Lee) has asserted from the Honorable Edwin C. Nacino's March 7, 2014 order denying Appellant Lee's motion to proceed in forma pauperis and waive filing fees (the March 7, 2014 interlocutory order), because the circuit court has not yet reduced any dispositive rulings to a separate judgment, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013) requires for an appeal from a civil circuit court case under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the March 7, 2014 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent an appealable final judgment that adjudicates all of the parties' claims, Appellant Lee's appeal is premature, and we lack appellate jurisdiction. When the circuit court eventually enters a final judgment in this case, Appellant Lee will have an opportunity to assert a timely appeal from the final judgment and thereby obtain appellate review of the March 7, 2014 interlocutory order because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations omitted)) Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000550 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 17, 2014.

Presiding Judge

Associate Judge

Associate Judge

-3-